UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GIOI NGO,

           Plaintiff,

    v.

SUPREME ALASKA SEAFOODS, INC., et al.,

           Defendants.

CASE NO. C05-727JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendant's motion for summary judgment (Dkt. # 13) and a motion to continue pursuant to Fed. R. Civ. P. 56(f) filed by Plaintiff (Dkt. # 15). The court DENIES Defendant's motion without prejudice and GRANTS Plaintiff's motion for a continuance.

## II. BACKGROUND & ANALYSIS

Plaintiff Gioi Ngo worked as a seaman aboard a fishing vessel, the M/V EXCELLENCE, owned by Defendant Supreme Alaska Seafoods, Inc. Mr. Ngo alleges that "[o]n or about September 25, 2003, while said vessel was in navigable waters, [he] fell off a stool and did thereby sustain severe, painful and disabling injuries to his head

ORDER – 1

and left shoulder . . . ." Compl. ¶ 7.  At age 36, Mr. Ngo currently suffers from headaches and severe depression and has not returned to work since the accident.

Mr. Ngo filed suit alleging a cause of action for negligence under the Jones Act, 46 U.S.C. § 688, unseaworthiness under admiralty law, and a demand for maintenance and cure.  On February 9, 2006, Defendant moved for summary judgment on Mr. Ngo's negligence and unseaworthiness claims.  In response, Mr. Ngo provided little in the way of opposition and instead requested a continuance under Fed. R. Civ. P. 56(f) ("Rule 56(f)") so that he may board the vessel with an interpreter in hopes of refreshing his memory about the events surrounding the accident.

Whatever the cause of Mr. Ngo's memory problems, his testimony reveals that as of December 2005, he remembers almost nothing about what happened the day he fell.  Ngo Dep. at 53, 57, 58, 59, 60, 61, 62; id. at 61 ("I used to remember a lot, but now I can't.").  By contrast, Mr. Ngo's counsel, John Merriam, attests that Mr. Ngo provided significantly more detail about the accident during his first client-counsel meeting.  Merriam Decl. ¶4[1]  According to Mr. Merriam, "[i]t was not until Mr. Ngo's deposition that [he] realized how bad [his client's] memory had become."  Id.

The court concludes that Mr. Ngo has sufficiently demonstrated the need for a Rule 56(f) continuance.  Defendant deposed Mr. Ngo on December 21, 2005.  The M/V EXCELLENCE left Seattle shores less than three weeks later on January 10, 2006.  Although the court is discouraged that Mr. Merriam failed to arrange a vessel inspection during that time, the court cannot say that his lack of diligence rises to a level that

---

[1] Defendant requests that the court strike Mr. Merriam's declaration as composed largely of inadmissable hearsay.  For purposes of a Rule 56(f) motion, the court may consider such testimony.  Simas v. First Citizens' Fed'l Credit Union, 170 F.3d 37, 46 (1st Cir. 1999).

ORDER – 2

warrants denial of a Rule 56(f) motion.[2]  See Nidds v. Schnidler Elevator Corp., 113 F.3d 912, 920 (9th Cir. 1996) (denial of a Rule 56(f) motion proper after plaintiff failed to take three depositions despite one-year extension of discovery); Hauser v. Farrell, 14 F.3d 1338, 1340-41 (9th Cir. 1994) (denial of Rule 56(f) motion proper in light of failure to depose witness within 27 months of filing suit).

The court grants Mr. Ngo a continuance for the limited purpose of boarding the M/V EXCELLENCE in an attempt to refresh his memory.  The court directs Mr. Ngo to conduct his visit within seven (7) days of the date of this order, not to exceed two (2) hours in duration.[3]  Defendant may then have an opportunity to re-depose Mr. Ngo, if it chooses.  Mr. Ngo is not entitled to any further discovery without an order of the court.  The court will consider a renewed motion for summary judgment filed by Defendant no later than April 12, 2006.[4]  The briefing schedule remains as provided under the Local Rules.  Local Rules W.D. Wash CR 7(d).

Lastly, the court cautions the parties that, under the current case schedule, a delay in the court's consideration of a dispositive motion may impact the parties' ability to prepare for trial or engage in meaningful settlement talks.

---

[2] The court strongly cautions Mr. Merriam that, in the future, he should not wait until the opposing party has moved for summary judgment to obtain additional discovery.  At the very least, Mr. Merriam could have requested a continuance of the discovery deadline, which coincidentally enough, fell on the same day as the due date for filing his opposition to Defendant's motion.

[3] The court notes that it appears Defendant has consented to allow Mr. Ngo to board the vessel for such purpose.

[4] Of course, Defendant is not required to amend its summary judgment motion and may simply re-submit its original motion.

ORDER – 3

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion to continue (Dkt. # 15) and DENIES Defendant's summary judgment motion (Dkt. # 13) without prejudice.

Dated this 27th day of March, 2005.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER – 4